1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   CAROLYN M. SWENSON,                │
                                        │   NO:  14-CV-0006-TOR
8                        Plaintiff,     │
                                        │   ORDER GRANTING DEFENDANT'S
9        v.                             │   MOTION FOR SUMMARY
                                        │   JUDGMENT
10  CAROLYN W. COLVIN,                  │
                                        │
11                       Defendant.     │
                                        │
12  ─────────────────────────────────────

13        BEFORE THE COURT are the parties' cross-motions for summary

14  judgment (ECF Nos. 11, 12).  David L. Lybbert represents Plaintiff.  Catherine

15  Escobar and Pamela Jean DeRusha represent Defendant.  The Court has reviewed

16  the administrative record and the parties' completed briefing and is fully informed.

17  For the reasons discussed below, the Court denies Plaintiff's motion and grants

18  Defendant's motion.

19  //

20  //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

1   *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

2   ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

3   The party appealing the ALJ's decision generally bears the burden of establishing

4   that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

5                    **FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

6          A claimant must satisfy two conditions to be considered "disabled" within

7   the meaning of the Social Security Act.  First, the claimant must be "unable to

8   engage in any substantial gainful activity by reason of any medically determinable

9   physical or mental impairment which can be expected to result in death or which

10  has lasted or can be expected to last for a continuous period of not less than twelve

11  months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

12  "of such severity that he is not only unable to do his previous work[,] but cannot,

13  considering his age, education, and work experience, engage in any other kind of

14  substantial gainful work which exists in the national economy."  42 U.S.C.

15  § 423(d)(2)(A).

16         The Commissioner has established a five-step sequential analysis to

17  determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R.

18  § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

19  work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in

20

"substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy."  20 C.F.R.

§ 404.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for disability insurance benefits on February 16, 2011.  Tr.

137-38.  Her application was denied initially and upon reconsideration, *id.* at 90-

92, 95-96, and Plaintiff requested a hearing, Tr. 99.  Plaintiff appeared before an

administrative law judge ("ALJ") on August, 6, 2012.  *Id.* at 39-71.  The ALJ

issued a decision denying Plaintiff benefits on September 10, 2012.  *Id.* at 17-32.

The ALJ found that Plaintiff met the insured status requirements of Title II

of the Social Security Act through March 31, 2001.  *Id.* at 22.  At step one, the ALJ

found that Plaintiff had not engaged in substantial gainful activity since October 1,

1997, the alleged onset date, through March 31, 2001, her date last insured.  *Id.* at

22.  At step two, the ALJ found that Plaintiff had the following severe

impairments: thyroid cancer removed without metastasis or release; post surgical

hypothyroidism, controlled with medication; and obesity.  *Id.* at 22-23.  At step

three, the ALJ found that Plaintiff's severe impairments did not meet or medically

equal a listed impairment through the date last insured.  *Id.* at 23-24.  The ALJ then

determined that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b). She is capable
> of work that involves frequent balancing, stooping, kneeling,

1
2
3

> crouching, and crawling. Further, she is capable of work that involves
> frequent climbing of ramps and stairs, but no climbing of ladders,
> ropes, or scaffolds. In addition, she must avoid concentrated exposure
> to extreme temperatures, vibrations, respiratory irritants, and hazards.

4  *Id.* at 24.  At step four, the ALJ found that Plaintiff was unable to perform any past

5  relevant work.  *Id.* at 26-27.  At step five, after considering the Plaintiff's age,

6  education, work experience, and RFC, the ALJ found Plaintiff could perform other

7  work existing in significant numbers in the national economy in representative

8  occupations, such as survey worker, mail clerk, and photo clerk.  *Id.* at 27-28.

9  Thus, the ALJ concluded that Plaintiff was not disabled and denied her claims on

10 that basis.  *Id.* at 28.

11      The Appeals Council denied Plaintiff's request for review on November 20,

12 2013, *id.* at 1-6, making the ALJ's decision the Commissioner's final decision for

13 purposes of judicial review.  42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

14                              **ISSUES**

15      Plaintiff seeks judicial review of the Commissioner's final decision denying

16 her disability insurance benefits under Title II of the Social Security Act.  ECF No.

17 11.  From Plaintiff's brief, the Court has discerned the following four issues for

18 review:

19      1.  Whether the ALJ erred in assessing Plaintiff's credibility;

20      2.  Whether the ALJ erred in rejecting the opinion of Plaintiff's
            treating physician, Dr. Julie Smith;

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

3.  Whether the ALJ erred at step two when she failed to include polycythemia rubra vera as a severe impairment; and

4.  Whether the ALJ failed to pose a legally sufficient hypothetical question to the vocational expert when she failed to include all of Plaintiff's limitations.

*Id.* at 8-17.

## DISCUSSION

### A. Adverse Credibility Finding

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings."  20 C.F.R. §§ 416.908, 416.927.  A claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R. §§ 416.908, 416.927.  Once an impairment has been proven to exist, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).  As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured."  *Id.* at 347 (quotation and citation omitted).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    In order to find Plaintiff's testimony unreliable, the ALJ is required to make

2    "a credibility determination with findings sufficiently specific to permit the court

3    to conclude that the ALJ did not arbitrarily discredit claimant's testimony."

4    *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  An ALJ must perform a

5    two-step analysis when deciding whether to accept a claimant's subjective

6    symptom testimony.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  The

7    first step is a threshold test from *Cotton v. Bowen* requiring the claimant to

8    "produce medical evidence of an underlying impairment which is reasonably likely

9    to be the cause of the alleged pain."  799 F.2d 1403, 1407 (9th Cir. 1986); *see also*

10   *Bunnell*, 947 F.2d at 343.  "Once a claimant meets the *Cotton* test and there is no

11   affirmative evidence suggesting she is malingering, the ALJ may reject the

12   claimant's testimony regarding the severity of her symptoms only if [the ALJ]

13   makes specific findings stating clear and convincing reasons for doing so."

14   *Smolen*, 80 F.3d at 1283-84 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.

15   1993)).  In weighing the claimant's credibility, the ALJ may consider many

16   factors, including "'(1) ordinary techniques of credibility evaluation, such as the

17   claimant's reputation for lying, prior inconsistent statements concerning the

18   symptoms, and other testimony by the claimant that appears less than candid; (2)

19   unexplained or inadequately explained failure to seek treatment or to follow a

20   prescribed course of treatment; and (3) the claimant's daily activities.'"

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1284).  If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing.  *Id*.  "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

Here, Plaintiff contends the ALJ improperly discounted her credibility.  ECF No. 11 at 14-15.  Specifically, Plaintiff contends the ALJ made only "vague assertions that [Plaintiff's] testimony is inconsistent with the record," rather than providing clear and convincing reasons for rejecting Plaintiff's statements and specifically identifying which testimony was not credible.  *Id.* at 14.

This Court disagrees.  The ALJ provided the following specific, clear, and convincing reasoning supported by substantial evidence for finding Plaintiff's subjective statements not fully credible: (1) Plaintiff failed to seek treatment despite alleging debilitating symptoms; and (2) Plaintiff's statements were inconsistent with the medical opinion testimony.  Tr. 25-26.

First, the ALJ found Plaintiff's statements concerning the severity of her symptoms and limitations were inconsistent with her failure to seek medical treatment.  The ALJ noted the following regarding Plaintiff's medical history following her 1997 thyroid surgery:

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

Although the claimant had severe impairments during the relevant time period, the medical evidence of record is not consistent with the claimant's testimony regarding the severity of these symptoms.  In fact, there is very little medical evidence of record during the relevant time period. The record shows that on October 21, 1997[,] the claimant underwent a right thyroid lobectomy . . . On December 2, 1997, claimant underwent a left thyroid lobectomy. The claimant went on a thyroid hormone after her thyroidectomies. She underwent no further adjuvant treatment post surgery and did not see an endocrinologist until August of 1999.

      . . . .

Despite her allegations of extreme disabling symptoms, she said she did not go to the doctor. She testified that this was because she did not like doctors. However, the fact that she did not seek medical treatment suggests that her symptoms are not as severe as she alleged. This is particularly so in light of the fact that the record shows she regularly went to the doctor for check ups and treatment of symptoms similar to those she alleged at the hearing albeit subsequent to her date last insured.

Tr. 25-26.  These inconsistencies between Plaintiff's alleged limitations and her failure to seek treatment provided a permissible and legitimate reason for discounting Plaintiff's credibility.  *Tommasetti*, 533 F.3d at 1039 (finding that a plaintiff's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" provided legitimate reason for rejecting claimant's credibility).

      Second, the ALJ found that Plaintiff's statements concerning the severity of her symptoms and limitations were inconsistent with Dr. Vu's medical testimony. Tr. 26.  For instance, although the Plaintiff testified to debilitating migraines, joint

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

pain, fatigue, and dizziness following her thyroid surgery, *id.* at 24-25, the medical

expert, Dr. Vu, testified that claimant's impairments did not impose any long term

functional limitations.  Tr. 26, 45.  These inconsistencies between Plaintiff's

statements and the testimony of a physician are relevant when weighing the

Plaintiff's credibility. *See Light v. Social Sec. Admin*, 119 F.3d 789, 792 (9th Cir.

1997) ("In weighing claimant's credibility, the ALJ may consider his reputation for

truthfulness, inconsistencies either in his testimony or between his testimony

and . . . testimony from physicians and third parties concerning the nature, severity,

and effect of the symptoms of which he complains.").

Accordingly, because the ALJ provided specific, clear, and convincing

reasons based on substantial evidence for discounting Plaintiff's credibility, this

Court does not find error.

**B. Opinion Evidence**

There are three types of physicians: "(1) those who treat the claimant

(treating physicians); (2) those who examine but do not treat the claimant

(examining physicians); and (3) those who neither examine nor treat the claimant

[but who review the claimant's file] (nonexamining [or reviewing] physicians)."

*Holohan*, 246 F.3d at 1201-02 (citations omitted).  "Generally, a treating

physician's opinion carries more weight than an examining physician's, and an

examining physician's opinion carries more weight than a reviewing physician's."

*Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not . . . and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted). A physician's opinion may be entitled to little, if any, weight when it is an opinion on a matter not related to her or his area of specialization. *Id.* at 1203 n. 2 (citation omitted).

A treating physician's opinions are generally entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir.2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). An ALJ may also reject a treating physician's retrospective opinion which is merely based on a review of Plaintiff's historical records, rather than on the treating physician's

contemporaneous evaluation. *Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989).

Here, Plaintiff contends the ALJ erred by improperly rejecting the opinion of her treating physician, Dr. Julie Smith. ECF No. 11 at 8-13. Specifically, Plaintiff points to Dr. Smith's 2012 statement in which she opined polycythemia rubra vera had rendered Plaintiff unable to work, with symptoms dating back to 2000. *Id.* at 18; Tr. 637.

This Court finds the ALJ properly rejected the retrospective opinion of Dr. Smith. Because Dr. Smith's opinion was contradicted, *see* Tr. 23 (noting that contemporaneous records attributed Plaintiff's symptoms to her thyroid condition, not polycythemia rubra vera), the ALJ need only have given specific and legitimate reasoning supported by substantial evidence to reject it. *Bayliss*, 427 F.3d at 1216. The ALJ noted the following concerning Dr. Smith's opinion:

> In the letter submitted by Dr. Smith three days after the hearing, she opines that over 10 years earlier the claimant's symptoms would have been disabling. This letter is given very little weight. It provides little evidentiary value. It is not consistent with the medical evidence of record. There are no opinions from any of the claimant's treating physicians during that time that would indicate the claimant was disabled due to the impairments. In fact in September of 2001, the claimant's actual treating physician at the time, noted that there was no evidence of any residual remnant or metastatic disease.

Tr. 26. Like the Doctor in *Magallanes v. Bowen* who had "no direct personal knowledge" of the plaintiff's condition during the relevant time period and whose

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1  "retrospective opinion was contradicted by the findings and opinions" of doctors

2  who conducted examinations during the relevant time period, Dr. Smith's

3  retrospective opinion is "scarcely different from any non-treating physician with

4  respect to that time period." 881 F.2d at 754.  During the relevant disability time

5  period—between Plaintiff's onset date of October 1, 1997, through the date last

6  insured, March 31, 2001—Plaintiff's then evaluating physician, Dr. Stone, noted

7  the same symptoms, such as fatigue, that Dr. Smith later attributed to polycythemia

8  rubra vera, Tr. 700-01; however, Dr. Stone attributed these symptoms to Plaintiff's

9  thyroid condition, Tr. 23, 286, 289, which the ALJ classified as a severe

10  impairment and considered when developing her RFC finding.  Tr. 22-23, 24-26.

11  Accordingly, the ALJ did not err in rejecting Dr. Smith's opinion.

12  **C. Step Two Analysis**

13  　　　Plaintiff bears the burden to establish the existence of a severe impairment

14  or combination of impairments, which prevent her from performing substantial

15  gainful activity, and that the impairment or combination of impairments lasted for

16  at least twelve continuous months.  20 C.F.R. §§ 404.1505, 404.1512; 416.905,

17  416.912; *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001).  An

18  impairment, to be considered severe, must significantly limit an individual's ability

19  to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c); *Smolen*,

20  80 F.3d 1290.  An impairment that is "not severe" must be a slight abnormality (or

a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.  SSR 96-3P, 1996 WL 374181.  Basic work activities include "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling."  20 C.F.R. § 404.1521(b).

A physical or mental impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).  An impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and "under no circumstances may the existence of an impairment be established on the basis of symptoms alone."  *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citing SSR 96-4p, 1996 WL 374187 (July 2, 1996)) (defining "symptoms" as an "individual's own perception or description of the impact of" the impairment).

Plaintiff contends the ALJ erred in her step two analysis when she concluded Plaintiff's polycythemia did not constitute a severe impairment.  ECF No. 11 at 8. In support, Plaintiff points to Dr. Smith's 2012 letter. *Id.* 8-13; Tr. 700-01.

This Court finds the ALJ's severe impairment analysis at step two was not flawed.  As noted above, the ALJ rejected Dr. Smith's retrospective opinion as being inconsistent with the opinion of Plaintiff's treating physician during the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

1    disability period, between October 1, 1997, and March 31, 2001.  At that time, Dr.

2    Stone attributed Plaintiff's symptoms to her thyroid condition, Tr. 23, 286, 289,

3    which the ALJ noted as severe and considered when developing her RFC finding.

4    Tr. 22-23, 24-26.  Although the ALJ found that Plaintiff had been diagnosed with

5    polycythemia rubra vera in 2002, after the relevant disability period, the ALJ found

6    insufficient evidence in the record to find that Plaintiff was suffering from this

7    condition prior to her date last insured.  Tr. 22-23 (noting that Plaintiff's

8    "[s]ubjective complaints alone are insufficient to establish a medically

9    determinable impairment"); *see Ukolov*, 420 F.3d at 1005.  Thus, Plaintiff has

10   failed to meet her burden to establish that polycythemia rubra vera should have

11   been classified as "severe" at step two.

12           Alternatively, even if the ALJ erred by not also concluding that the record

13   supported polycythemia rubra vera as a severe impairment, the ALJ accounted for

14   these symptoms and associated limitations in her ultimate RFC finding.  *Molina*,

15   674 F.3d at 1115.  After all, step two merely screens out groundless claims.  *See*

16   *Smolen*, 80 F.3d at 1290.  Because Plaintiff's claim progressed beyond step two,

17   Plaintiff cannot show that she was harmed by the ALJ's step two finding.  *See*

18   *Lewis*, 498 F.3d 911 (holding that ALJ's failure to list the plaintiff's bursitis as a

19   severe impairment at step two was harmless where ALJ considered limitations

20   caused by the condition at step four).  Any error in not classifying polycythemia

1  rubra vera as a severe impairment was harmless; thus, no reversible error has been

2  shown.

3  **D. Hypothetical Question Posed to Vocational Expert**

4  "Hypothetical questions posed to the vocational expert must set out *all* the

5  limitations and restrictions of the particular claimant . . . ." *Embrey v. Bowen*, 849

6  F.2d 418, 422 (9th Cir. 1988).  "Unless the record indicates that the ALJ had

7  specific and legitimate reasons for disbelieving a claimant's testimony as to

8  subjective limitations such as pain, those limitations must be included in the

9  hypothetical in order for the vocational expert's testimony to have any evidentiary

10  value."  *Id.* at 423.  "If the assumptions in the hypothetical are not supported by the

11  record, the opinion of the vocational expert that claimant has a residual working

12  capacity has no evidentiary value."  *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th

13  Cir. 1984).

14  Plaintiff contends the ALJ's hypothetical question posed to the vocational

15  expert did not adequately express the full extent of her limitations.  ECF No. 11 at

16  15-17.  Specifically, Plaintiff contends the question posed failed to account for the

17  limitations associated with Plaintiff's polycythemia rubra vera condition, which

18  included problems with absenteeism, intermittent headaches, joint pain, abdominal

19  pain, and fatigue.  *Id.* at 16.

20  The Court disagrees.  Plaintiff's argument is derivative of her arguments

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

concerning the ALJ's rejection of Dr. Smith's opinion and the ALJ's failure to classify polycythemia rubra vera as a severe impairment. Given that the ALJ properly rejected Dr. Smith's opinon, which retrospectively opined Plaintiff suffered from polycythemia rubra vera during the relevant disability period, no error has been shown. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (finding that it is proper for the ALJ to give little evidentiary weight to discredited evidence when determining the RFC finding). Therefore, given that the hypothetical question included the extent of Plaintiff's impairments supported by the record, no error has been shown.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter **JUDGMENT** for **DEFENDANT**, provide copies to counsel, and **CLOSE** the file.

**DATED** November 24, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19